UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
MAR 24 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| LINDOKUHLE MNYANDU EL, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 21-0496 (UNA) |
| ALEXANDER VAN DER BELLEN, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff brings this action against monarchs, elected officials, and government officials of foreign countries, and demands awards of "$48,286,127,340 in lawful money (gold and/or silver)," Compl. at 10 (page numbers designated by CM/ECF), and return of land in South Africa and other property which had been seized, *see id.* at 56-60. It appears that plaintiff is bringing claims against the foreign governments themselves.

"In the United States, the sole avenue for a court to obtain jurisdiction over claims against a foreign state or its agencies and instrumentalities is through the [Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602-1611][.]" *Simon v. Republic of Hungary*, 812 F.3d 127, 135 (D.C. Cir. 2016). The FSIA "creates a baseline presumption of immunity from suit." *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 709 (2021) (citing 28 U.S.C. § 1604). "[U]nless specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Id.* (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993)); *see Roeder v.*

*Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011).  Waivers of sovereign immunity must be clear and unequivocal.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

      Here, defendants are presumed to be immune from suit, and plaintiff does not demonstrate otherwise.  Therefore, the Court will dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction.  Plaintiff's application to proceed *in forma pauperis* will be granted and his "writ to e-file," construed as a motion for CM/ECF password, will be denied as moot.  An Order consistent with this Memorandum Opinion is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: March 24, 2021